I. TOWNSEND BURDEN, THE
YOUNGER, ET AL.,
VS.
FLORENCE V. BURDEN, WIDOW,
ET AL.

*Duvall & Baldwin* for plaintiffs.
*Charles B. Bosley* for defendants.

DAWKINS, J.—

This is a proceeding to construe the residuary clause of the last will and testament of the late William A. Moale and to have the rights of the several parties mentioned in the proceedings determined.

The question before us, as I understand it, is to determine the meaning of the following portion of the will, viz.:

"I bequeath to my beloved daughter, Evelyn Byrd Burden, one-third part of the said estate for and during her life, and at her death to her child or children surviving and in default of child or children surviving, then to my daughter, Judith Carter Cutting, and my son, William A. Moale, Junior, should they survive, and if not then to their child or children. I bequeath to my son, William A. Moale, Junior, the residuary third part of the said estate for and during his life and at his death to his child or children and in default of child or children surviving then to my daughters, Judith Carter Cutting and Evelyn Byrd Burden, should they survive, and if not to their child or children."

The testator, William A. Moale, has three children, Judith Carter Cutting, Evelyn Byrd Burden and William A. Moale, Jr., all of whom were living when the will and codicil were executed, and all of whom survived the said William A. Moale. The husbands of the daughters, Judith Carter Cutting and Evelyn Byrd Burden, prede-ceased their wives, and the wife of William A. Moale, Jr., predeceased him. The two daughters and the son are all dead. Mrs. Cutting had two children, one dead and one living (unmarried). William A. Moale, Jr., had one child, who is still living and is now married. Mrs. Burden had four children, namely, Evelyn Byrd Burden, married; I. Townsend Burden, Jr., who is married and living; Mary Gwendolyn Burden, who is married and living, and William A. Moale Burden, who married and subsequently died, leaving a widow, Florence V. Burden, and two infant children, viz., William A. M. Burden, Jr., and Shirley Carter Burden. The real question of material ascertainment is whether or not the widow and children of the said William A. Moale Burden take any share or portion of the property referred to in the proceedings that passed under said will. All of the children of William A. Moale were living when the will was executed. Their respective families perhaps were not fixed. The son (grandson of William A. Moale), William A. Moale Burden, was born after the execution of the will and predeceased his mother, the life-tenant.

The intention of the testator, if it can be gathered from the whole will, must be carried out if not in conflict with the law (Cherbonnier vs. Goodwin, 79 Md. 58, and numerous cases). It is well settled that the law favors the early vesting of estates (29 Md. 443, Tayloe vs. Mosher). Every intendment should be construed to that end.

If the word "surviving" refers to the death of the testator, then the children of the life-tenant, Mrs. Burden, at the death of Mr. Moale took a vested interest or estate which would pass to the wife and children of the deceased grandson and upon the death of the life-tenant to the class of persons who took such vested estates or their child or children; but if it is meant by "surviving" to refer to the death of the life-tenant, then all of the children took at their birth only contingent estates, which might be defeated by their death before the mother, in which event these grandchildren whose parents has predeceased the life-tenant would be entitled to no part of the estate.

Estates will be held vested whenever it can fairly be done, without doing violence to the language of the will.

The cases are not in harmony on this general question here presented, but it is settled that the period of survivorship refers to the death of the life-tenant, unless a different intention is clearly shown by the will.

90 Md. 550, Small vs. Small.

It would seem clear that the elder Moale desired to provide for his children for life and then for any children that they might have living at their death. It does not appear that the change by the codicil of the devise to the son, Dr. Moale, from a life estate to an absolute estate would indicate a change of intention. It rather indicates that he had a different view as to the daughters and their children. The testator could easily have provided that the child or children of any grandchild dying before the death of the life-tenant should be entitled to its parent's portion, if living, but he did not do so. It is also clear that he did not intend to do it. It seems manifest that the testator intended that the property should invest in his grandchildren upon the death of the life-tenant so that as William A. Moale Burden, the grandchild of the testator, was not living at the death of the life-tenant no estate passed at any time to him and the whole estate vested in those *in esse*, to wit, the other children of Evelyn Byrd Burden and the widow and children of William A. Moale Burden, are entitled to no portions of the estate.

I will sign a decree in accordance with the views above expressed.